UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHNNIE COOK, )
 )
       Plaintiff, ) Case No. 2:07-cv-162
 )
v. ) Honorable R. Allan Edgar
 )
UNKNOWN LAPONSIE, et al., )
 )
       Defendants. )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Linda Metrish, Kathleen Olson, and Patricia Caruso. The Court will serve the complaint against Defendant RUO Unknown LaPonsie.

**Discussion**

I.        Factual allegations

Plaintiff Johnnie Cook presently is incarcerated with the Michigan Department of Corrections ("MDOC") and housed at the Oaks Correctional Facility (ECF). However, he complains of events that occurred while he was housed at the Kinross Correctional Facility (KCF). He sues MDOC Director Patricia Caruso and the following KCF employees: Resident Unit Officer (RUO) Unknown LaPonsie, Warden Linda Metrish, and Assistant Deputy Warden Kathleen Olson.

Plaintiff alleges that on August 23, 2006, he was in the unit mop closet, admittedly placing telephone calls in violation of MDOC rules. RUO LaPonsie purposely kicked the closet door open, hitting Plaintiff on his left side. A medical examination conducted one week later revealed bruising on Plaintiff's right hip and tenderness with palpitation of his right ribs. After Plaintiff filed a grievance regarding the incident, RUO LaPonsie questioned him in a threatening manner, causing Plaintiff to fear future retaliation.

On September 22, 2006, Plaintiff was transferred from KCF, a Level II facility, to a Level I security facility, where he requested a Buddhist diet. Because the Level I facility was not prepared to provide Buddhist meals, Plaintiff was returned to KCF. Plaintiff filed a grievance and wrote letters to Defendants Olson and Metrish, and to Internal Affairs contending that by being in the same facility as RUO LaPonsie, his safety was jeopardized and he feared for his life. On December 12, 2006, RUO LaPonsie informed Plaintiff that he was "walking on thin ice." On December 18, 2006, RUO LaPonsie stated that she had a lot of friends at KCF and that Plaintiff would never know from which direction retaliation would be coming. On February 10, 2006, RUO LaPonsie issued a false "threatening behavior" major misconduct report against Plaintiff. Plaintiff

was found guilty and, as a result, spent four months in segregation, was transferred to a Level IV security facilty, and, he believes, will now likely be denied parole.

Plaintiff claims that Defendants violated his Eighth Amendment rights.  For relief, Plaintiff seeks monetary damages for his pain, suffering and loss which flow directly from the assault by RUO Laponsie, and an injunction ordering (1) that the false misconduct report be removed from his record, (2) a transfer to a Level I facility, and (3) placement in the Assaultive Offenders Program.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Metrish, Olson and Caruso failed to investigate his claims or to take any action to stop his mistreatment by RUO LaPonsie.  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, §

1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff fails to allege that Defendants Metrish, Olson or Caruso engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against them.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Linda Metrish, Kathleen Olson and Patricia Caruso will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant RUO Unknown LaPonsie.

An Order consistent with this Opinion will be entered.


Dated: 10/22/07                                     */s/ R. Allan Edgar*
                                                    R. Allan Edgar
                                                    United States District Judge